# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE RIVERA-ECHAVARRIA, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-1562 |
| | § | |
| C. ALEXANDER, | § | |
| | § | |
| Respondent. | § | |

## TRANSFER ORDER

Petitioner, Jose Santos Rivera-Echavarria, filed this habeas corpus petition under 28 U.S.C. § 2241.  Petitioner is incarcerated in the U.S. Penitentiary in Beaumont, Texas.  Petitioner first filed this action in the U.S. District Court for the Eastern District of Texas.  *See Jose Santos Rivera-Echavarria v. C. Alexander*, Civil Action No. 1:2005-CV-258 (E.D. Tx.).  That Court transferred the case here having determined that Petitioner attacked the constitutionality of his conviction, citing *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir.1990).

Petitioner is serving a sentence imposed by this Court.  *See United States of America v. Jose Santos Rivera-Echavarria*, Criminal Action No. 4:2001-CR-897.  In that case, Petitioner was convicted on his guilty plea of illegal entry after deportation

1

and sentenced by District Judge Sim Lake.  The U.S. Court of Appeals for the Fifth Circuit affirmed the conviction on appeal.  *See United States of America v. Jose Santos Rivera-Echavarria*, No. 02-20429 (5th Cir. Dec. 12, 2002).

Petitioner filed his Original Petition using a pre-printed form petition designed to be used by a person in federal custody suing under 28 U.S.C. § 2241.  However, Petitioner did not raise any claims.  Petitioner left completely blank the spaces provided in the petition for stating his grounds for relief and supporting facts.  This Court ordered Petitioner to submit an amended petition stating the grounds on which he seeks habeas corpus relief and the supporting facts.

Petitioner did not comply.  However, he responded in a letter and explained that his English and his legal skills are not good.  He said the sentencing judge did not mention the time he spent in custody before the judge sentenced him, he wants his good time, and he wants to know if there is a way to get it.  He also directs this Court to the errors and arguments raised in his direct appeal, citing *Apprendi v. New Jersey*, 530 U.S. 466, 484 & 495 (2000); *U.S. v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000); 18 U.S.C. §§ 3559(a), 3583(b)(3).  Based on this information, it appears that the claims Petitioner wishes to raise are primarily, if not exclusively, challenges to his conviction and sentence.  Under a liberal construction of Petitioner's letter, his inartful language in his letter about good time possibly concerns a potential claim relating to the

execution of his sentence.

When a prisoner attacks his conviction concerning errors which occurred at trial or sentencing a motion under 28 U.S.C. § 2255 is the proper remedy. *See Cox*, 911 F.2d at 1113. A petition under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) *cert. denied*, 534 U.S. 1001 (2001). Construed as a section 2255 motion, this Court should transfer this case to the docket of District Judge Sim Lake. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(a). Petitioner's possible good-time claims do not belong in this Court. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("the district of incarceration is the only district that has jurisdiction to entertain a .... § 2241 petition").

Accordingly, it is ORDERED that this civil action be construed as a section 2255 motion and TRANSFERRED to the docket of District Judge Sim Lake. The Clerk will make a docket entry for the petition filed in this civil action in the corresponding criminal case, *United States of America v.   Jose Santos Rivera-Echavarria*, Criminal Action No. 4:2001-CR-897. This transfer is without prejudice to Petitioner properly filing any claims concerning the execution of his sentence in the appropriate forum.

Petitioner is WARNED that he must bring all claims challenging his conviction

and sentence in one action under 28 U.S.C. § 2255. Petitioner is ADVISED that any subsequent section 2255 motion will be subject to the restrictions on "second or successive" motions. Petitioner is further ADVISED that he may withdraw this petition or amend it so that it contains all the section 2255 claims he believes he has. *See Castro v. U.S.*, 540 U.S. 375, 383 (2003).

SIGNED at Houston, Texas, on this 3rd day of August, 2005.

_____

DAVID HITTNER

United States District Judge